# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| MICHAEL JONES,<br>　　　Petitioner, | Case No. 1:14-cv-014 |
| vs. | Black, J.<br>Bowman, M.J. |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,[1]<br>　　　Respondent. | **REPORT AND<br>RECOMMENDATION** |

　　　The instant action commenced on January 6, 2014 when petitioner, an inmate in state custody at the Chillicothe Correctional Institution, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is now before the Court on petitioner's motion to dismiss the petition without prejudice (Doc. 15), which was filed on August 5, 2014, after respondent filed a return of writ in response to the petition. (*See* Doc. 9). In the pending motion, petitioner requests that the petition be dismissed without prejudice so that he can seek a final appealable order from the Ohio Court of Common Pleas. (*Id.*).

　　　Petitioner's motion is construed as being brought pursuant to Fed. R. Civ. P. 41(a)(2).[2] Because the respondent has already filed a return of writ, this matter may not be dismissed without prejudice pursuant to Rule 41(a)(2) except by court order. *See Henderson v. Hall*, No. 1:09cv2058, 2010 WL 2572698, at *2 (N.D. Ohio June 4, 2010) (Report & Recommendation), *adopted*, 2010 WL 2572652 (N.D. Ohio June 21, 2010). Whether the petitioner's request for

---

[1] Petitioner filed a notice of change of address informing the Court that his address changed from the Warren Correctional Institution to the Chillicothe Correctional Institution. (Doc. 14).

[2] Under Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, the Federal Rule of Civil Procedure may be applied in this federal habeas case to the extent it is "not inconsistent" with the rules governing § 2254 petitions. *Cf. Henderson v. Hall*, No. 1:09cv2058, 2010 WL 2572698, at *2 (N.D. Ohio June 4, 2010) (Report & Recommendation) (quoting *Ortega v. Trombley*, No. 2:07cv10456, 2007 WL 781878, at *1 (E.D. Mich. Mar. 13, 2007) ("Federal Rule of Civil Procedure 41(a)(2), 'the civil procedure rule governing voluntary dismissals, applies to federal habeas proceedings.'"), *adopted*, 2010 WL 2572652 (N.D. Ohio June 21, 2010).

dismissal without prejudice should be granted "is within the sound discretion of the Court." *See Martin v. Warden, Lebanon Corr. Inst.,* No. 1:12cv458, 2014 WL 1271020, at *3 (S.D. Ohio Mar. 27, 2014) (Barrett, J.).

As the court stated in *Henderson*, the "intendment of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." *Henderson, supra,* 2010 WL 2572698, at *2 (quoting *Alamance Indus., Inc. v. Filene's*, 291 F.2d 142, 146 (1st Cir. 1961)); *see also Martin, supra,* 2014 WL 1271020, at *3 ("[T]he primary purpose of [Fed. R. Civ. P. 41(a)(2)] is to protect the non-movant from unfair treatment."). Therefore, one of the factors that should be considered in determining whether dismissal is appropriate is "prejudice to the non-moving party." *Martin, supra*, 2014 WL 1271020, at *3. In addition, the court "must ensure that the petitioner's ability to present claims of constitutional violations is not abridged merely because the petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas corpus law." *Id.* (quoting *Ortega v. Trombley*, No. 2:07cv10456, 2007 WL 781878, at *1 (E.D. Mich. Mar. 13, 2007), in turn quoting *Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993)).

In this case, respondent has not opposed petitioner's motion requesting that the petition be dismissed without prejudice, nor does the record suggest that prejudice to the non-moving party precludes this Court from granting petitioner's request. As the courts in *Henderson* and *Martin* similarly found, the prospect of having to litigate a second lawsuit requiring the filing of another return of writ in response to a renewed habeas corpus petition filed by petitioner in the future does not, in and of itself, constitute "plain legal prejudice" sufficient to justify the denial of the petitioner's motion. *See id.* at *3; *Henderson, supra*, 2010 WL 2572698, at *2. *Cf. Wakefield v. Children's Hosp., Inc.*, No. 2:06cv1034, 2009 WL 588021, at *2 (S.D. Ohio Mar. 6,

2009) (Sargus, J.) (and cases cited therein) ("[C]ourts have consistently held that 'plain legal prejudice' does not result merely from the prospect of a second lawsuit on identical issues.").

The issue whether dismissal of the instant petition may cause petitioner to "unwittingly fall[] into a procedural trap created by the intricacies of habeas corpus law" poses a closer question. The undersigned is concerned that if the instant petition is dismissed without prejudice at this juncture, any subsequent habeas petition filed by petitioner raising the same grounds for relief will face a statute-of-limitations bar to review.[3] The applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) has not been tolled during the pendency of this action. *See Duncan v. Walker,* 533 U.S. 167, 181-82 (2001). Nevertheless, if petitioner, while "fully cognizant" of the possibility that any future petition may be time-barred, still desires to dismiss the instant petition without prejudice to exhaust claims in the state courts, he may be permitted to do so. *Cf. Henderson, supra*, 2010 WL 2572698, at *3 (because the petitioner was "fully cognizant" of the possibility that a renewed petition would be time-barred, the court found that he "cannot be said to have unwittingly fallen into a procedural trap"); *see also Martin, supra*, 2014 WL 1271020, at *3 (in a case where the petitioner "was notified plainly by the Magistrate Judge . . . of the potential statute-of-limitations bar to review he may face in filing a subsequent habeas petition after dismissal without prejudice" and was provided the opportunity to withdraw his request for dismissal without prejudice and did not do so, the district court held that it could "properly dismiss [the habeas petition] without prejudice under Rule 41(a)(2)").

Accordingly, in the absence of objection from respondent or requisite showing of prejudice to the respondent, it is **RECOMMENDED** that petitioner's motion to dismiss the

---

[3] It appears that petitioner's case became final ninety days after the Ohio Supreme Court's January 23, 2013 decision declining jurisdiction to hear petitioner's appeal. (Doc. 9, Ex. 12). The limitations period began to run on April 23, 2013 and expired one year later, on April 24, 2014. Accordingly, it appears any subsequent habeas petition filed by petitioner may be barred by the statute-of-limitations.

instant petition without prejudice (Doc. 15) be **GRANTED.**  If, having now been fully informed of the potential consequences of granting his motion to withdraw, petitioner no longer wishes the Court to grant his motion to dismiss, he should file a timely objection so stating.

    **IT IS SO RECOMMENDED.**

s/Stephanie K. Bowman_____
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL JONES,                              Case No. 1:14-cv-014
    Petitioner,
                                     Black, J.
vs.                                    Bowman, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).